IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RENEE DUFFIELD,

  Petitioner,

v.           Civil Action No. 5:06CV100
             (Criminal Action No. 5:05CR13-07)
UNITED STATES OF AMERICA,      (STAMP)

  Respondent.

## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Procedural History

Pro se[1] petitioner Renee Duffield filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct a sentence by a person in federal custody. The government filed a response to the petition to which the petitioner did not reply.

The matter was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report and recommendation recommending that the petitioner's § 2255 application be denied because in her plea agreement, the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack the conviction. The magistrate judge informed the parties that if they objected to any portion of the report, they must file

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

written objections within ten days after being served with copies of the report. The time for objections has now passed, and no objections have been filed to date.

## II. Facts

On August 18, 2005, the petitioner plead guilty in the Northern District of West Virginia to aiding and abetting interstate transportation in aid of racketeering, in violation of 18 U.S.C. § 1952(a)(3) and 18 U.S.C. § 2. On December 2, 2005, the petitioner was sentenced to 60 months imprisonment.

After her sentencing, the petitioner filed a motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel.

## III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the parties did not file any objections, this Court reviews the report and recommendation for clear error.

IV. <u>Discussion</u>

The petitioner contends in her § 2255 petition that she received ineffective assistance of counsel because her counsel allegedly failed to properly investigate the evidence before advising the petitioner to accept the plea agreement. The petitioner asserts that because she relied on her counsel's advice, she did not enter the plea agreement voluntarily or intelligently. Additionally, the petitioner contends that the government withheld <u>Brady</u> material.

Based on a review of the record and the applicable law, Magistrate Judge Seibert recommended that the petitioner's § 2255 application be denied because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction when she plead guilty to Count Twelve of an indictment charging her with aiding and abetting interstate transportation in aid of racketeering. Specifically, the petitioner signed a plea agreement on August 15, 2005, which stated that she "waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus)."[2]

Because the petitioner knowingly, intelligently, and voluntarily waived the right to collaterally attack her conviction,

---

[2] The plea agreement was accepted and filed by this Court on August 18, 2005.

3

the petitioner's application for habeas corpus pursuant to § 2255 must be denied.

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 is DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a waiver of appellate rights. Because the petitioner has failed to object, she has waived her right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.

DATED:      November 14, 2008

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE